UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS TRIGGS, #224109

                Plaintiff,                    Case No. 11-12625

v.                                      District Judge George Caram Steeh
                                      Magistrate Judge R. Steven Whalen

ROBERT WILSON,

                Defendant.

_____ /

**REPORT AND RECOMMENDATION**

      On June 17, 2011, Plaintiff Thomas Triggs, a prison inmate in the custody of the

Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42

U.S.C. § 1983. Before the Court is Defendant Robert Wilson's Motion to Dismiss [Doc.

#11], which has been referred for a Report and Recommendation pursuant to 28 U.S.C.

§ 636(b)1)(B). For the reasons discussed below, I recommend that the motion be

GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

**I.    FACTS**

      In his complaint, Plaintiff states that on October 5, 2010, he was placed in the

segregation unit of the St. Louis Correctional Facility, and while he was there, he filed a

"kite" (a written request) to receive his legal material. When Defendant Wilson, a

Corrections Officer, brought him this material, Plaintiff asked him to place it in his duffel

bag, as he would be soon be getting out of segregation. However, when he was given his

property bag on January 24, 2011, he discovered that his legal material–court transcripts,

law books, briefs, motions, etc.–was missing.  He concludes that "I submitted evidence

that this Officer R. Wilson was the last individual with my legal property which

-1-

should've been given to me within 48 hours of my arrival at SLF but I was refused my

property, now my property has been misplaced or thrown away by this Correction Officer

R. Wilson." *Complaint*, p. 4 ("Statement of Facts"). In terms of relief, Plaintiff requests as

follows:

> "I would like to be reimburs[ed] for all my legal work, the mental stress I
> am suffering as a Lifer who cannot work on his case to prove his innocence
> because of the actions of this Officer.  I would like the Court to award me
> $250,000.00."  *Id*. ("Relief")

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the

pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that

if, on consideration of a motion under paragraph (6), "matters outside the pleadings are

presented to and not excluded by the court, the motion shall be treated as one for

summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In

assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as

true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v.*

*Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for

determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In

In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929

(2007), the Court,  construing the requirements of Fed.R.Civ.P. 8(a)(2),[1] held that

although a complaint need not contain detailed factual allegations, its "[f]actual

allegations must be enough to raise a right to relief above the speculative level...on the

assumption that all the allegations in the complaint are true."  *Id.*, 127 S.Ct. at 1964-65

---

[1] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of
the claim showing that the pleader is entitled to relief."

(internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[2] First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]'–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

## III.   DISCUSSION

The Plaintiff has not articulated a specific federal right or privilege that might form the basis of his  § 1983 complaint. Of course, as a *pro se* litigant, his pleadings are to be construed liberally. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v.*

---

[2] *Twombley* was an antitrust case.  *Iqbal* was a prisoner civil rights case.  In any event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

-3-

*Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Nevertheless, even a *pro se* plaintiff "must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief." *Jones v. Morgan*, 2010 WL 4973631, \*2 (E.D.Mich. 2010). Stated differently, *"[p]ro se* plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E.D.Mich.2006) (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir.1996)).

Plaintiff alleges the loss of his legal material, which may be construed as a due process deprivation of property claim. In addition, he states that as a result, he was unable to work on his criminal case (either an appeal or a collateral attack on his conviction). This may be fairly construed as a claim that he was denied his First Amendment right to access the courts. However, neither of these two allegations states a claim sufficient to meet the *Twombley / Iqbal* standard.

### A.   Loss of Property

In *Parratt v. Taylor*, 451 U.S. 527 (1981), the Supreme Court held that a Due Process claim would be subject to dismissal "if (1) the deprivation was unpredictable or 'random,' (2) pre-deprivation process was impossible or impracticable; and (3) the state actor was not authorized to take the action that deprived the plaintiff of property." In *Ruiz v. Fisher*, 1998 WL 661139, \*5 (6th Cir. 1998) (unpublished), the Sixth Circuit explained:

> "To the extent that Ruiz claims either an intentional or negligent deprivation of a property interest, he has failed to state a claim. A negligent or unintentional deprivation of property is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986). In cases involving an intentional deprivation of property, a plaintiff may not bring a § 1983 suit claiming a denial of procedural due process if adequate state remedies exist.

-4-

*Hudson v. Palmer,* 468 U.S. 517, 533-36, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) (extending *Parratt v. Taylor,* 451 U.S. 527, 543-44, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), to intentional property deprivations). Furthermore, the plaintiff must both plead and prove that state remedies for redressing the wrong are inadequate. *Vicory v. Walton,* 721 F.2d 1062, 1065-66 (6th Cir.1983)."

If Defendant Wilson withheld or lost Plaintiff's property not through the application of prison policy, but negligently, or even intentionally, the *Parratt* doctrine precludes his Due Process claim.[3] Furthermore, as in *Ruiz,* Plaintiff has neither pled nor proved that state remedies provide inadequate redress.[4] Plaintiff has therefore not pled a plausible claim on which relief can be granted.

## B.    Access to the Courts

Prison inmates have a constitutionally protected right of access to the courts, grounded in the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Berryman v. Rieger*, 150 F.3d 561, 567 (6th Cir. 1988)("It has long been recognized that the lawful resort to the courts is part of the First Amendment right to petition the Government for a redress of grievances"). In *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), the Supreme Court held that in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial. In other words, an inmate fails to state a claim "without any showing of prejudice to his litigation." *Kensu v.*

---

[3] In fact, Plaintiff states in his complaint that his property was either *misplaced* or thrown away, conceding that the deprivation may have been unintentional or negligent. Plaintiff does not claim that the property was destroyed pursuant to a prison policy, instead implying that prison policy required the return of his property within 48 hours of his release from segregation.

[4] The Sixth Circuit has recognized that "Michigan provides several adequate post-deprivation remedies," pursuant to both statutes and court rules, for return of or compensation for lost property. *See Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995).

*Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Apart from generalized, conclusory statement that he "cannot work on his case," Plaintiff has not articulated any specific prejudice to any non-frivolous case as the result of the loss of his property. Therefore, he fails to state a plausible First Amendment denial of access claim.

This complaint must therefore be dismissed pursuant to Rule 12(b)(6). In so finding, however, I do not mean to trivialize or excuse the fact that Plaintiff's legal files were lost or that he has unnecessarily suffered inconvenience and frustration as a result. However, his remedy does not lie in this Court.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss [Doc. #11] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed

objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall  address specifically, and in the same order raised, each issue contained within the objections.


                                            s/ R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE
Date:  February 2, 2012


The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on February 2, 2012.

Thomas Triggs, #224109                    s/Johnetta M. Curry-Williams
St. Louis Correctional Facility           Case Manager
8585 N Croswell Rd
Saint Louis, MI 48880-9210