UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS TRIGGS, #224109,

        Plaintiff,

                                     Case No. 11-12625
vs.                               HON. GEORGE CARAM STEEH

ROBERT WILSON,

        Defendant.
_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#17], GRANTING DEFENDANT'S MOTION TO DISMISS [#11] AND DISMISSING ACTION**

On February 2, 2012, Magistrate Judge R. Steven Whalen issued a report and recommendation recommending that the court grant the defendant's motion to dismiss and dismiss plaintiff's complaint. Magistrate Judge Whalen found that plaintiff's complaint fails to state the deprivation of a constitutional right as required to state a claim under 42 U.S.C. § 1983. The court agrees with the magistrate judge's conclusion and dismisses plaintiff's complaint.

The standard of review to be employed by the court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. To date, plaintiff has failed to file any objections to the report and recommendation. Upon review of plaintiff's complaint, defendant's motion to dismiss and plaintiff's responsive brief and other submissions, the court concludes that the magistrate

-1-

judge reached the proper conclusion.

Plaintiff alleges in his complaint that defendant Robert Wilson, Resident Unit Officer (RUO) at the St. Louis Correctional Facility, failed to return his legal materials to his state duffel bag while he was in segregation. When plaintiff was released into general population, he discovered that his legal materials were missing. Plaintiff has not stated a First Amendment access to the courts claim without demonstrating that he was prevented from raising a non-frivolous legal claim. "Only a prisoner who sought to pursue an arguable claim has standing to bring suit based on a denial of access to the courts." Roberts v. Wingard, No. 98-4265, 2000 U.S. App. LEXIS 6477, * 6 (6th Cir. April 5, 2000); see also, Lewis v. Casey, 518 U.S. 343, 349 (1996).

Here, plaintiff argues that he "has not been able to pursue exhausting [his] state remedies in the state courts without my legal property." See Resp. at 3. Without indicating the exact nature of the claims he sought to present in the state courts, plaintiff fails to state a First Amendment claim. See Jennings v. Garrett, No. 08-12463, 2008 U.S. Dist. LEXIS 50538, *5 (E.D. Mich. July 1, 2008) ("Plaintiff's claim of actual prejudice in this case is entirely conclusory[;] [w]ithout any information on the validity of the motion for relief from judgment, plaintiff has failed to show actual injury to sustain a cause of action for violation of his right to access the courts.").

As to plaintiff's due process claim, the magistrate judge correctly concluded that the Parratt doctrine bars his claim. See Parratt v. Taylor, 451 U.S. 527 (1981); see also, Copeland v. Machulis, 57 F. 3d 476, 479 (6th Cir. 1995). Whether defendant Wilson's conduct in misplacing or throwing away plaintiff's legal materials was grossly negligent or intentional is irrelevant under Parratt and its progeny because plaintiff has not alleged that

the state remedies for redressing this wrong are inadequate. Michigan has several post deprivation remedies for individuals alleging that state officials have deprived them of property. See Copeland, 57 F. 3d at 480; Wright v. Wosiluski, 2009 U.S. Dist. LEXIS 46094, *7-8 (W.D. Mich. June 1, 2009).

For the reasons stated above, the court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation as its findings of fact and conclusions of law in this matter. Defendant's motion to dismiss [#11] is GRANTED. Plaintiff's complaint is DISMISSED.

SO ORDERED.

Dated: March 1, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 1, 2012, by electronic and/or ordinary mail and also to Thomas Triggs at St. Louis Correctional Facility, 8585 N. Croswell Rd., St. Louis, MI 48880.

S/Josephine Chaffee
Deputy Clerk